**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117257

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| Ronald D Gentile, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　　　　　vs.<br><br>IC System, Inc.,<br><br>　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

　　　　Ronald D Gentile, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against IC System, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

　　　　1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, Fla. Stat., *et seq.* (the "FCCPA").

### JURISDICTION AND VENUE

　　　　2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of Florida.

## PARTIES

5. Plaintiff Ronald D Gentile is an individual who is a citizen of the State of Florida residing in Palm Beach County, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

7. On information and belief, Defendant IC System, Inc., is a Minnesota Corporation with a principal place of business in Ramsey County, Minnesota.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

10. Defendant is a corporation subject to the FCCPA.

## ALLEGATIONS

11. Defendant alleges Plaintiff owes a debt ("the Debt").

12. The Debt was primarily for medical services and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

13. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated April 5, 2019. (**"Exhibit 1."**)

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

17. The Letter directs Plaintiff to Defendant's website (the "Website").

18. The Website is a "communication" as defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(2).

2

19. Plaintiff accessed the Website.

20. Defendant, through the Website, attempted to charge Plaintiff a "Convenience Fee" of $41.39.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692f**
**Unlawful Fee**

21. Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, and 9 through 20 as if fully restated herein.

22. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

23. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

24. The convenience fee of $41.39 is neither expressly authorized by the agreement creating the debt, nor permitted by law.

25. The convenience fee of $41.39 is prohibited by 15 U.S.C. § 1692f(1).

26. Defendant violated 15 U.S.C. § 1692f by charging convenience fee of $41.39.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**

27. Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, 9 through 20, 23, and 24 as if fully restated herein.

28. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

29. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

30. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

31. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken.

32. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

33. Defendant's representation that it was entitled to be paid a convenience fee of $41.39 is a false, deceptive, and misleading representation in connection with the collection of the Debt, in violation of 15 U.S.C. § 1692e.

34. Defendant's representation that it was entitled to be paid a convenience fee of $41.39 is a false representation of the character, amount, or legal status of the Debt, in violation of 15 U.S.C. § 1692e(2)(A).

35. Defendant's representation that it was entitled to be paid a convenience fee of $41.39 is a false representation compensation that may be lawfully received by Defendant for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B).

36. Defendant's representation that it was entitled to be paid a convenience fee of $41.39 is a threat to take any action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

37. Defendant's representation that it was entitled to be paid a convenience fee of $41.39 is a false representation and deceptive means to collect the Debt, in violation of 15 U.S.C. § 1692e(10).

38. Defendant's representation that it was entitled to be paid a convenience fee of $41.39 is a false representation and deceptive means to attempt to collect the Debt in violation of 15 U.S.C. § 1692e(10).

### THIRD COUNT
### Violation of § 559.72 of the FCCPA

39. Plaintiff repeats and realleges paragraphs 2, 3, 4, 6, 9 through 20, 23, 24, and 33 through 38, as if fully restated herein.

40. Section 559.72(9) of the FCCPA provides that a debt collector shall not "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

41. The least sophisticated consumer would be led to believe that the Website claims that Defendant was entitled to be paid an illegitimate convenience fee of $41.39, in violation of Section 559.72(9) of the FCCPA.

42. The least sophisticated consumer would be led to believe that the Website attempts to collect an illegitimate convenience fee of $41.39, in violation of Section 559.72(9) of the FCCPA.

43. The least sophisticated consumer would be led to believe that the Website threatens to collect an illegitimate convenience fee of $41.39, in violation of Section 559.72(9) of the FCCPA.

44. The least sophisticated consumer would be led to believe that the Website asserts the existence of a legal right to collect a convenience fee of $41.39, in violation of Section 559.72(9) of the FCCPA.

45. Defendant knew that it did not have a legal right to collect convenience fee of $41.39.

46. Defendant violated Section 559.72(9) of the FCCPA.

## CLASS ALLEGATIONS

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Florida from whom Defendant attempted to collect a convenience fee, from one year before the date of this Complaint to the present.

48. This action seeks a finding that Defendant's conduct violates the FDCPA and FCCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2).

49. Defendant regularly engages in debt collection.

50. The Class consists of more than 35 persons from whom Defendant attempted to collect a convenience fee.

5

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA and FCCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

6

     e.  Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2); and

     f.  Grant Plaintiff's costs; together with

     g.  Such other relief that the Court determines is just and proper.

DATED: March 28, 2019

                   **BARSHAY SANDERS, PLLC**

                   By: _/s/ *Craig B. Sanders* _____
                   Craig B. Sanders, Esq.
                   100 Garden City Plaza, Suite 500
                   Garden City, New York 11530
                   Tel: (516) 203-7600
                   Fax: (516) 706-5055
                   csanders@barshaysanders.com
                   *Attorneys for Plaintiff*
                   Our File No.: 117257

